IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
                                                               :
HARCO LABORATORIES, INC.,                                      :
                                                               :
    Plaintiff,                                                 :
                                                               :
        vs.                                                    :  Case No. 301CV 1277 (AWT)
                                                               :
GOODRICH CORPORATION and                                       :
ROSEMOUNT AEROSPACE, INC.,                                     :
                                                               :  May 14, 2004
    Defendants.                                                :
                                                               :
---------------------------------------------------------------x

**PLAINTIFF HARCO LABORATORIES INC.'S
REPLY TO OPPOSITION TO REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT RE FUNCTIONALITY**

Rosemount's Opposition tries to obscure the true holdings of the *Honeywell* case and other cases it cites. Rosemount's arguments suggest that the *Traffix Devices* case applies only where a preexisting patent discloses and claims the features later claimed to comprise protectable trade dress. The case is much broader than that, rejecting any trade dress claim for a functional feature, whether protected by patent or not. Of course, where there is a patent on the alleged trade dress, it raises an almost irrebutable presumption that the feature is functional, but the existence of a patent is not *required* to show functionality. In this case, there are (1) relevant patents specifying the functionality of the exterior appearance of the TAT sensor; (2) admissions of the functionality of the exterior appearance of the TAT sensor; and (3) uncontroverted testimony of the functionality of the exterior appearance of the TAT sensor.

Rosemount's expired patent includes many functional elements which are now claimed as trade dress elements in Rosemount's current TAT sensor, including the teardrop shaped air passage formed by the "flow controlling shield" (See U.S. Patent 2,970,475 at Figs. 9 and 10, Col. Col. 8, lines 52-65) and an effectively rectangular inlet (*id.*, at Fig. 6) (copy submitted as Exhibit A to Rosemount's Opposition). Even more importantly, Rosemount's U.S. Patent 5,302,026 shows a TAT sensor with exactly the same appearance as the TAT sensor which Rosemount now claims trade dress rights in, and the patent specifically explains the functionality of this design and states that it is a "preferred housing" that falls within the scope of its earlier U.S. Patent 2,970,475. The later patent specifically refers to and incorporates U.S. Patent 2,970,475 by reference. (See Exhibit B to Rosemount's Opposition at Col.1, lines 52-66). In other words, the text and claims of U.S. Patent 2,970,475 is incorporated to describe and claim a functional sensor which has the appearance of the sensor shown in U.S. Patent 5,302,026. This is strong evidence of functionality, as seen in all of the cases cited by both parties' briefs.

Rosemount and its witnesses have all conceded that a change to the exterior appearance of Harco's TAT sensor will require related re-engineering of its internal components. See, Defendant's Memorandum In Opposition to Plaintiff's Motion for Summary Judgment That Defendants' Trademark Is Functional at 1, 8, 34,; Willcox Tr. 26-27, 43-46, 57). Clearly, there is a functionality to the exterior shape of a TAT sensor if changing the shape will make it become clogged with ice when subjected to normal atmospheric operating conditions.

Harco has submitted a substantial quantity of evidence regarding the functional effects of the exterior shape of Rosemount's TAT sensor. As previously briefed, the TAT sensor is required to meet the Mil. Spec., which defines nearly all of its exterior parameters of the TAT sensor. Further, each of its individual exterior components has a functional role, (Powell Dec. 4-8), and as noted above, changing any one feature will require re-engineering internal components of the sensor. *Id.*

The *Honeywell* case, while it gives weight to the existence of an expired patent is ultimately not about the expired patent. It is about functionality – any functionality. As stated by the court:

> "It is not hard to think of three ways in which a round thermostat could be functional, at least in principle. First, rectangular objects may clash with other architectural or decorative choices. Just as a building designed by Ludwig Mies van der Rohe demands controls made from regular or semi-regular polyhedra, so a building designed by Frank Gehry could not tolerate boxy controls. Second, round thermostats (and other controls) may reduce injuries, especially to children, caused by running into protruding sharp corners. Third, people with arthritis or other disabilities may find it easier to set the temperature by turning a large dial (or the entire outer casing of the device) than by moving a slider or pushing buttons on boxes. The record does not contain much along any of these lines, but they are sufficiently plausible to disable Honeywell from prevailing at this preliminary stage, given the burden it bears as a result of the expired patents. Although the three possibilities we have mentioned do not show that roundness is "essential" to a thermostat, that's not required. ***TrafFix* rejected an equation of functionality with necessity; it is enough that the design be useful. The Justices told us that a feature is functional if it is essential to the design *or* it affects the article's price or quality.**" (emphasis added)

The *Logan* case mentioned in Rosemount's Opposition involved mat-cutting systems for picture framing. The accused infringer relied on prior patents of the Plaintiff which had no bearing on the claimed trade dress elements to claim functionality, and offered no other evidence of functionality of the appearance of the elements of the

claimed trade dress. In that circumstance, Plaintiff's trade dress claims were considered meritorious and a preliminary injunction was granted.

The *Leviton* case involved a claim of infringement of the face plate of Plaintiff's ground fault circuit interrupt products. The Plaintiff's prior patent had to do with the circuit mechanism, and there was no evidence that a change to the exterior of the face plate would require a change of the circuit. In view of explicit intention of the Defendant to copy the exact appearance and colors of the Plaintiff's product, the court denied Defendant's Summary Judgment Motion seeking dismissal of the trade dress claim, leaving the ultimate question of trade dress infringement to be resolved at trial.

Thus, for the foregoing reasons, Harco requests that its Motion for Summary Judgment of Invalidity of Rosemount's alleged trademark be granted.

Respectfully submitted,

May 12, 2004
Date

_____
Wesley W. Whitmyer, Jr.   (ct03509)
Stephen P. McNamara (ct01220)
Arlana S. Cohen (ct21707)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**PLAINTIFF HARCO LABORATORIES INC.'S
REPLY TO OPPOSITION TO REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT RE FUNCTIONALITY**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Daniel W. McDonald
MERCHANT & GOULD PC
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215

Elizabeth A. Alquist
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Dated: May 12, 2004

_____
Stephen P. McNamara