IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
:
HARCO LABORATORIES, INC., :
:
    Plaintiff, :
:
        vs. : Case No. 301CV 1277 (AWT)
:
GOODRICH CORPORATION and :
ROSEMOUNT AEROSPACE, INC., :
: March 30, 2004
    Defendants. :
:
------------------------------------------------------------x

**PLAINTIFF HARCO LABORATORIES INC.'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT RE FUNCTIONALITY**

    Plaintiff, Harco Laboratories, Inc., submits this supplemental memorandum to call the Court's attention to relevant decisions which have occurred since Harco's filing of its Reply brief in August 2003.

    In particular, Plaintiff submits herewith a copy of the decision of the Seventh Circuit Court of Appeals, in *Eco Manufacturing LLC v. Honeywell International Inc.*, 357 F.3d 649 (7th Cir. 2003) (copy attached as Exhibit D), affirming the District Court's finding that the shape of round Honeywell thermostat was functional (copy attached as Exhibit E). The Court affirmed the denial of Honeywell's motion for preliminary injunction. The Court applied the Supreme Court's *TrafFix Devices* case in considering Honeywell's rebuttal that roundness was not shown to be "essential" to a thermostat design. The Court rejected Honeywell's argument on the grounds that it was not

relevant whether or not a feature is "essential", stating that "*TrafFix* rejected an equation of functionality with necessity; it is enough that the design be useful. " *Id.* at 654-655.

Rosemount has argued that the shapes of various parts of their Model 102 probe are "not essential to the use or purpose of the device" and that if there are possible design alternatives, then the design is not functional. This is not the correct principle of law as is clear from the *TrafFix Devices* case, and as recently emphasized by the Seventh Circuit's interpretation of that case.

The Seventh Circuit did not reach the issue of whether "Honeywell bamboozled the Patent and Trademark Office when seeking registration [of the trade dress design] in the 1980s, [since] . . .material deceit would scotch this enforcement action whether or not the trade dress is functional." *Id.* at 655. The District Court had serious problems with Honeywell's conduct before the USPTO, characterizing Honeywell's submissions as "false generalizations" which "led the TTAB to follow the generalizations and miss the correct facts." *Eco Manufacturing LLC v. Honeywell International Inc.*, 295 F.Supp.2d 854, 879-881 (S. D. Ind. 2003). The District Court concluded that the Trademark's Office decision to grant the trademark registration was "not entitled to any deference" in view of Honeywell's conduct before the Office. *Id.* at 881. The *Eco Manufacturing LLC v. Honeywell International Inc* case has very strong parallels to this case, as it is clear that Rosemount, in obtaining its trademark registration was guilty of the same lack of candor that Honeywell was.

In addition to the misleading information provided by Rosemount's attorney and Rosemount's declarants already discussed in Harco's briefs related to Harco's Opposition to Rosemount's Motion For Summary Judgment of No Fraud on the

PTO, Rosemount made other representations as well. Rosemount stated to the USPTO that it had "exclusive" use of the design [Rosemount's trademark application, attached as Exhibit F], at the very time when a competitor, Weed Instrument, was selling a product which was identical to the Rosemount Model 102. (See Rosemount's Complaint in the matter of *Rosemount Aerospace Inc. v. Weed Instrument, Inc.* [Copy attached as Exhibit G]). In other words, at the very time that Rosemount was claiming to the Trademark Office that it was the only company having a TAT sensor of this design, there was a visually identical product offered and sold by Weed Instrument. In this case, like the *Eco Manufacturing LLC v. Honeywell International Inc. case*, there is a very serious apparent misleading of the USPTO. In view of this, the granted registration cannot be entitled to much weight in deciding the functionality question. It is clear that the alleged trademark is functional and that the registration should be cancelled.

                                               Respectfully submitted,

March 24 2004
Date

Wesley W. Whitmyer, Jr.   (ct03509)
Stephen P. McNamara (ct01220)
Arlana S. Cohen (ct21707)
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing:

**PLAINTIFF HARCO LABORATORIES INC.'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT RE FUNCTIONALITY**

is being served on all counsel of record, on this date, by first class mail, postage prepaid, by depositing the same with the United States Postal Service in envelopes addressed to:

Daniel W. McDonald
MERCHANT & GOULD PC
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2215

Elizabeth A. Alquist
Day, Berry & Howard LLP
CityPlace I
Hartford, CT  06103-3499

March 29, 2004
Date

Stephen P. McNamara